F. WILLIAMSON
*vs*
J. WILLIAMSON,
&c.

---

# F. Williamson *vs* J. Williamson, &c.; same *vs* Reed and Anderson's Adm'rs.

CHANCERY.

## ERROR TO THE MADISON CIRCUIT.

Case 63.

*Bills of Review. Injunction. Damages. Interest.*

JUDGE MARSHALL delivered the opinion of the Court.

*Nov.* 1.

IN the first of the above named cases a writ of error is prosecuted for the reversal of a decree dismissing with costs and 10 per cent damages, F. Williamson's bill brought to review and reverse so much of a decree rendered in several consolidated cases as directs said F. Williamson to pay to John Williamson Jr., and Emily his wife and Patrick Williamson $633, the payment of which sum she had enjoined by her bill of review. On this writ of error she complains that the Court erred in dismissing her bill and dissolving the injunction and in decreeing damages and costs.

The case stated.

The sum of $633 was decreed to the two children of John Williamson Sr., Emily and Patrick, as the value in December 1822, with interest from that time, of a negro girl of 14 years of age which Patrick Williamson Sr.

P. W. by will, directed his executor to purchase, and four of his children and devisees to

F. WILLIAMSON
        vs
J. WILLIAMSON,
        &c.
_____
contribute the
means to pur-
chase a slave for
the children of
J. W. to be hired
out and to go to
them when the
infant arrived at
full age. The
slave was not
purchased, the
executor died,
F. W. adminis-
tered, and two
of those devisees
who were to
contribute to the
purchase died,
and F. W. who
was the third,
administered on
their estate, and
she having the
funds of R. W.
the four devisees
in her hands, a
decree was ren-
dered in behalf
of the devisee,
against F. W. for
the value of the
slave—Held to
be just and equi-
table.

by his will directed to be purchased by four of his chil-
dren and devisees for the children of said John to be put
in the care of Patrick Williamson the testator's son and
executor, to see that she should not be sold, hired nor re-
moved out of this State until the youngest child becomes
of lawful age, then with two other slaves devised in the
same manner, to be equally divided between them. The
slave never was purchased. Patrick Williamson one
of the four devisees above referred to after having qual-
ified as executor died. Elizabeth another of said four
devisees also died and Franky Williamson administered
on the estate of each, as the bill of review states. This
decree was rendered during the life of John Williamson,
Sr., and before the youngest of his two children had at-
tained the age of 21 years, against Franky Williamson
alone, she being also one of said four devisees. The bill
of review questions the liability of Franky Williamson
to answer wholly for the default of purchasing the slave.
But although upon the statements of the bill, this might
perhaps seem to be an error, yet as it appears by the re-
cord of the case sought to be reviewed, that the two de-
ceased devisees who were bound to contribute to the pur-
chase of the slave, died childless and unmarried, leaving
their sister Franky Williamson also a contributor, and
their brothers John and Rene the latter of whom was the
fourth contributor their only heirs; and that all of their
estates including the devises from which the contribu-
tions were to be made, came to the hands of Franky
Williamson, and had been in her hands for fifteen years
when the two children of John filed their bill, and that
Rene Williamson the fourth contributor was insolvent,
except so far as his estate was in her hands, we are of
opinion that they had a right to look to Franky William-
son alone for their demand under the will of their grand-
father, leaving her to reclaim Rene's portion of the con-
tribution out of his portion of the estate in her hands or
against him personally. And this liability is the more
just, because as the administratrix of Patrick she should
have urged a compliance with the requisitions of their
father and might be liable to the extent of assets for his
default. The circumstance that under a decree of the

Court she has permitted Rene's portion of the estate in her hands to pass into the possession of his alienees, claiming by his contract made during the pendency of the suit, does not affect the extent of her liability to the two children of John. She had a right to question that decree and to have it revised by this Court before submitting to it, and her acquiescence should not relieve her from her pre-existing responsibility, with the effect of sending the children of John Williamson to look after the estate of Rene which she has let out of her hands.

The further grounds of objection stated in the bill of review are, that it is uncertain but that John Williamson may have more children, and for this error, as well as because the youngest of the two which he now has having no guardian, the complainant is not safe in paying as desired, and that as administratrix of Patrick Williamson she has a right to retain the whole legacy until the youngest child of John Williamson arrives at age, the bill seeks a review and reversal of the decree. But the trust confided to Patrick Williamson by the testator seems to have been personal, and even if it passed to his administratrix, her failure to fulfil it for fifteen years by purchasing the slave and paying over the hire to the children of John Williamson, or by paying to them the annual interest of the value of such slave in default of the purchase, is sufficient ground for taking the legacy out of her hands; and as it is certain that her compliance with the decree by payment to the persons appointed to receive, will relieve her from all responsibility for the trust, either to the complainants who sought the decree against her or to any after born children of John, even if it were probable there would be any, she has no right to complain that the trust is not sufficiently guarded by the decree; nor that the legacy is not left in her hands.

We are of opinion, therefore, that upon the bill of review there is no sufficient ground for reversing the original decree; and although it is held that upon dissolving an injunction against a decree ten per centum damages theron should not be allowed, yet as the decree had been replevied, and a replevy bond on an execution issuing on a decree is as much a judgment as if the execution were

Ten per cent. damages is properly given on dissolving an injunction, obtained on filing a bill of review injoining a decree, the decree having been replevied.

upon a judgment, in which case damages are allowed on dissolving an injunction; and as when the injunction on the bill of review was obtained the replevy bond was just falling due and the injunction necessarily operated to restrain its collection, we are of opinion that damages were properly decreed upon the dissolution, and there is no reason why costs should not have been decreed on dismissing the bill of review. The decree dismissing said bill of review with damages and costs, is therefore affirmed with costs.

In the other case of F. Williamson *vs* Reed, &c. errors are assigned questioning the decree not only as between F. Williamson and Reed and others claiming the interest of Rene Williamson who had filed his bill for a settlement and distribution of the estates of Patrick and Elizabeth Williamson in the hands of said Franky, but also in the decree rendered in favor of the two children of John Williamson and the reversal of which was sought by the bill of review which has just been disposed of. The suit upon the bill of John Williamson's chil had been consolidated with that of Rene Williamson, and the account having been taken between Franky and Rene Williamson for the consolidated cases, and F. Williamson being liable upon the facts, for the entire value of the slave, with interest, we think she cannot reverse the decree, on the ground that Rene, though made a party to the bill of John Williamson's children, was not served with process on that bill. Wherefore, the decree in their favor is affirmed, on the second writ of error.

On the other branch of the case, we are of opinion that it was erroneous to charge Franky Williamson with interest on the annual hire or services of the slaves of Patrick and Elizabeth, which came to her possession, and especially in her account with Rene Williamson, in which she is not credited with interest on moneys advanced for him. But as there is no proof as against Reed and Anderson's administrators, claiming Rene's interest in the slaves descended from Patrick and Elizabeth Williamson, of any agreement between him and Franky giving her a lien or other title to that interest prior to his transfer; as they rely upon the statute of limitations to

An administrator should not be decreed to pay interest annually on the hire or services of slaves, especially when no credit ts given for interest paid to the use of distributees.

bar, as against them, her claim for said advances; and as in the division under the decree she consented that they might take two designated slaves as Rene's portion, and that $125 might be decreed against her and in their favor, for the deficiency in the value of that portion, we do not see that she can now assert any claim against the two slaves allotted to Reed and Anderson's administrators, on account of the balance which would appear in her favor against Rene Williamson, upon a re-statement of the accounts, omitting the charge of interest against her, or charging it on both sides.

F. WILLIAMSON
vs
J. WILLIAMSON,
&c.

We are of opinion, therefore, that the decree of division cannot be reversed on account of the error in making up the account of hire and interest. But as $138 were decreed in favor of Reed, &c., consisting in part of $13, a balance growing out of said accounts with Rene Williamson, and in part of the $125 for deficiency in the division, and as moreover, the portion of Rene allotted to them is properly subject to contribution to raise the legacy for the children of John Williamson, and this decree of $138 is a part of that portion, we are of opinion, not only that this decree is affected by the error in the accounts, but that Reed and Anderson's administrators should be decreed to pay enough in addition, to make up Rene's contributory liability of one-fourth, and one-third of one-half, towards the legacy, with interest, amounting to $633 decreed to John Williamson's children, should there be no balance against Franky Williamson in her accounts with Rene, or so far as that balance may fall short of Rene's contributory share, so that Franky may be reimbursed one-fourth, and the third of a half being 2½ sixths out of Rene's portion, and one-third of a half out of John's portion, which belongs to her and is not now in question, leaving one-fourth and the third of a half as her own proper share of the burthen.

*Not proper to reverse a decree of division on account of an error in making up an account of hire and interest.*

For the correction of this error in the accounts, the cause upon the decree for $138 against F. Williamson, must be remanded, and it will be proper to charge against Reed and Anderson's administrators, one half of the cost of the various commissioners reports, subsequent to

the acquisition of Rene Williamson's interest, or to decree the same against them as costs.

It has been suggested that as F. Williamson never was appointed administratrix of Elizabeth Williamson, though in some of her pleadings she states that she was, there could be no decree for the distribution of that estate. But she obviously held the estate as trustee for those entitled, and never claimed it otherwise until some time after this suit was brought, and she is certainly liable to account for and distribute it, and should be compellable to do so. And there being no administrator, there is no remedy against her but in equity.

It is also suggested that the contract of Reed and Anderson for Rene Williamson's interest, was champertous and should have been disregarded. We do not consider, however, that the mere fact of its having been made during the pendency of the suit of Rene for settlement and distribution, is sufficient to vacate or vitiate it, and the special grounds of objection alledged in argument, were neither alledged nor proven in the case.

The decree in favor of Reed and Anderson's administrators against F. Williamson for $138 12 cents, and costs, is erroneous and must be reversed, and the cause, upon that decree, is remanded with directions to re-state the accounts as herein before directed, and for final decree thereon, not inconsistent with this opinion, but the other branches of the decree complained of are affirmed; and upon this writ of error John Williamson, Jr. and Emily his wife, and Patrick D. Williamson, are entitled to their costs against F. Williamson, and the other costs are to be divided between her on the one side and Reed and the administrators of Anderson on the other.

*Turner and Bradley* for plaintiff: *Goodloe and Caperton* for defendants.